### COOKE v. LANE, et al.
No. 59-3540.

Civil Court of Record, Dade County.

February 1, 1960.

Smith & Carter, Miami, for plaintiff.

Moore & Moore, Miami, for defendant Pan American Surety Co.

HAL P. DEKLE, Judge.

This cause coming on for hearing upon plaintiff's motion for summary judgment against defendant, Pan American Surety Co., and upon defendant Pan American Surety Co.'s motion for summary judgment against plaintiff, M. O. Cooke, d/b/a Wagontown, and after argument of counsel and the court being fully advised in the premises, the court hereby makes the following findings —

That by stipulation it is the customary practice of used car dealers in this county to convey title to motor vehicles by mere blank endorsement by the record owners on the back of title certificates furnished by the motor vehicle commissioner's office of this state.

That there is an implied warranty of title by the vendor of any motor vehicle to the purchaser thereof.

That defendant, Herb Lane, d/b/a Herb Lane Auto Sales, delivered two automobiles, to-wit: one 1958 Chevrolet Brookwood Stationwagon, identification no. C58S145475 and one 1958 Ford Fairlane 500 Victoria, identification no. G8NU 101782 to plaintiff, M. O. Cooke, d/b/a Wagontown, and received from M. O. Cooke, the sum of $3,200.

That thereafter it was discovered that the automobiles were in fact stolen cars, and that they were taken from M. O. Cooke by police authorities and returned to their true owners.

That by stipulation plaintiff has suffered damage, if any, in the amount of $3,200 which the court finds was by reason of said facts, and is entitled to judgment against Pan American Surety Co. on account of the bond given pursuant to Florida Statute 320.27(10), a certified copy of which was attached to plaintiff's amended complaint herein. That the limit of Pan American Surety Co.'s liability under said bond is $3,000.

That the copies of said motor vehicle title certificates attached to plaintiff's motion for summary judgment, though not signed and though not reflecting the defendant, Herb Lane, to be an owner of either automobile, constitute fulfillment of the provisions in Florida Statute 320.27(10) and in the bond aforesaid issued pursuant to said statute respecting a contract in writing and a warranty of title in writing.

That notwithstanding the failure of the statute aforesaid to mention specifically that a bond given pursuant thereto was to cover stolen vehicles or warranty of title, and notwithstanding the failure of the bond here sued upon to specifically mention that it was covering stolen vehicles or warranty of title, it is the opinion of the court that the legislature intended such to be the case and the court so interprets said statute and bond.

It is therefore ordered and adjudged that plaintiff, M. O. Cooke, d/b/a Wagontown, have and recover of and from defendant, Pan American Surety Co., the sum of $3,000, for which said sum let execution issue.